**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSEA RAGOGO RAKAUCOKA; SEINI NALEWAKALOU, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 08-73288 <br><br> Agency Nos. A096-582-358 <br> A096-582-360 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before: CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Osea Ragogo Rakaucoka and Seini Nalewakalou, natives and citizens of Fiji,

petition for review of the Board of Immigration Appeals' order dismissing their

appeal from an immigration judge's decision denying their applications for

withholding of removal and relief under the Convention Against Torture ("CAT").

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, and we review de novo the agency's legal determinations. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

Petitioners conceded to the agency that they were ineligible for asylum due to the one year time bar. In light of this concession, we do not reach petitioners' arguments regarding the merits of their asylum claims. Accordingly, we deny the petition as to their asylum claims.

Petitioners do not argue they suffered past persecution. Rather, they contend they face future persecution from native Fijians because their daughter, who lives in the United States, married an Indo-Fijian man. Substantial evidence supports the agency's determination that petitioners failed to establish a clear probability of persecution in Fiji. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution too speculative). We do not consider petitioners' contention regarding humanitarian grant of withholding of removal because they did not present the claim to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (no jurisdiction over claims not presented in administrative proceedings below). Accordingly, petitioners' withholding of removal claims fail.

Substantial evidence also supports the agency's denial of petitioners' CAT claims because petitioners failed to show that it is more likely than not that they will be tortured by or at the instigation of, or with the consent or acquiescence of the government if returned to Fiji. *See Sinha v. Holder*, 564 F.3d 1015, 1025-26 (9th Cir. 2009) (petitioners did not claim they had been subjected to treatment constituting torture in the past, and failed to present evidence that they would be tortured in the future). We reject petitioners' cursory arguments that the agency used the wrong standard, or otherwise erred in its denial of CAT relief because they are not supported by the record.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

08-73288